**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Meredith D.M. Bateman**
**John C. Brassell**
United States Attorneys
Meredith.Bateman@usdoj.gov
John.Brassell@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 27, 2023

Janet Lee Hoffman, Esq.
Justin Rusk, Esq.
Janet Hoffman & Associates
1000 SW Broadway, #1500
Portland, OR 97205

3 24-cr—

00155  Re:    *United States v. Amigos Mexican Cuisine & Cantina LLC*, Case No. X:XX-cr-
XXXXX-XX I.M
         Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office
(USAO) and defendant Amigos Mexican Cuisine & Cantina LLC ("Amigos" or "defendant"),
and thus does not bind any other federal, state, or local prosecuting, administrative, or
regulatory authority.[1] This agreement does not apply to any charges other than those
specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive full discovery, indictment, and substantive
motions and to plead guilty to Count 1 of the Information, which charges Amigos with theft
of public money in violation of Title 18, United States Code, Section 641.

3.    **Penalties**: The maximum sentence is a fine of $500,000 (or twice the gross pecuniary
gains or losses resulting from the offense if such amount exceeds $250,000) and 5 years of
probation. A $400 fee assessment is also mandatory. Defendant agrees to pay the fee assessment
by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO agrees to dismiss the Complaint previously
returned in *United States v. Vinod Mehta*, Case No. 1:22-mj-00037-CL, and to forgo any

---

[1] The parties to this agreement acknowledge that there is a separate settlement agreement with the United
States, acting through the U.S. Department of Justice and on behalf of the U.S. Small Business
Administration, related to certain civil claims against Defendant arising from the same set of facts
outlined in this agreement.

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 2
November 27, 2023

additional charges against defendant and its officers, managers, owners, and agents resulting from this investigation if, first, all of the essential facts underlying such charges are known to the USAO at the time of this agreement and, second, defendant is convicted and sentenced in conformity with this agreement.

5.    **Elements:** In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, defendant knowingly embezzled and converted to its own use money with the intention of depriving its owner of the use or benefit of that money;

Second, the money belonged to the United States or a department or agency thereof; and

Third, the total of all money thus embezzled or converted exceeded $1,000 in value.

6.    **Factual Basis:** Defendant has fully discussed the facts of this case and any potential defenses with defense counsel.  Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant stipulates that uncontested and admissible evidence of its relevant conduct as summarized below establishes each of the foregoing elements beyond any reasonable doubt. The following facts are true and undisputed:

a.   Amigos Mexican Cuisine & Cantina LLC, Employer Identification Number ("EIN") 82-3095946, is a domestic limited liability corporation that was registered in Oregon on October 13, 2017.  Amigos was administratively dissolved on February 23, 2023.

b.   Defendant's primary owner, and registered agent was Vinod Mehta.

c.   Between April 3, 2020, and May 3, 2021, defendant submitted fraudulent applications to obtain two Paycheck Protection Program ("PPP") loans, an Economic Injury Disaster Loan ("EIDL"), an EIDL Advance, and a Restaurant Revitalization Fund ("RRF") loan.

d.   On April 3, 2020, defendant submitted a fraudulent application (application #14867803) for a PPP loan to Umpqua Bank.

   i.   On application #14867803, defendant falsely claimed that no owner of defendant was an owner of any other business or had common management with any other business.

   ii.   Defendant stated that the purpose of the loan was to cover payroll.

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 3
November 27, 2023

    iii. On April 29, 2020, Umpqua Bank approved PPP loan #20897073-02 and on May 8, 2020, disbursed $74,900 to defendant's Umpqua Bank account ending in 7117.

    iv. The United States Small Business Administration ("SBA") paid Umpqua Bank $3,745 in lender fees for funding loan #20897073-02.

    v. Between May 8, 2020, and May 21, 2020, all the specific PPP loan proceeds from PPP loan #20897073-02 were depleted through cash withdrawals and a transfer of funds to the personal account of Vinod and Seema Mehta. None of the specific PPP loan proceeds were spent on payroll costs.

    vi. On October 4, 2021, defendant submitted a fraudulent application for forgiveness of PPP loan #20897073-02. On the forgiveness application, defendant falsely claimed it had 5 employees at the time of the forgiveness application and that it spent the entire $74,900 of the loan proceeds on payroll costs.

    vii. On October 13, 2021, the SBA paid Umpqua Bank $74,900 in principal payments and $1,071.17 in interest upon approving the Forgiveness application for PPP loan 20897073-02.

e. On March 30, 2020, defendant submitted a fraudulent application (application #3600137023) to the SBA for an EIDL loan and EIDL advance.

    i. On application #3600137023, defendant falsely claimed it had $900,000 in gross revenues and $300,000 in cost of goods sold in 2019.

    ii. On April 17, 2020, the SBA approved the EIDL Advance for $8,000, which was disbursed on April 18, 2020. Subsequently on May 18, 2020, SBA approved the EIDL for $150,000, in which $149,000 was disbursed on the same day. Both the EIDL Advance and the EIDL funded defendant's Umpqua Bank account ending 7117.

f. On or about March 10, 2021, defendant submitted a fraudulent application (application #26600186) for a second PPP loan to Umpqua Bank.

    i. On application #26600186, defendant falsely claimed it had an average monthly payroll of $30,704, and that no owner of defendant was an owner of any other business or had common management with any other business.

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 4
November 27, 2023

    ii. On March 12, 2021, Umpqua Bank approved PPP loan #9534768502 and disbursed $107,461 to defendant's Umpqua Bank account ending in 7117.

    iii. The SBA paid Umpqua Bank $5,373 in lender fees for funding loan #9534768502.

  g. On May 3, 2021, defendant submitted a fraudulent application (application #31436551) for an RRF loan on behalf of defendant's behalf, EIN 82-3095946.

    i. The defendant falsely claimed they were not engaged in any activity that is illegal under federal, state, or local law, after previously receiving federal funding via the above false PPPs, EIDL, and EIDL Advance.

    ii. On June 4, 2021, the SBA approved RRF loan #9921999007 and disbursed $408,550 to defendant's Umpqua Bank account ending in 7117.

  h. Instead of spending the money as required by the programs, Amigos used the money for its owners' personal expenses, including paying off their personal property and property taxes.

  i. Between April 3, 2020, and June 4, 2021, defendant caused a total loss of $759,100.

7.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.   **Relevant Conduct**: The parties agree the following sentencing guidelines calculation is accurate:

The parties stipulate that the offense level applicable to Count 1 is 15 pursuant to USSG §2B1.1(a)(2) (base offense level of 6 for theft of government money), USSG §2B1.1(b)(1)(H) (14-level enhancement for losses of $759,100), USSG §8C2.3(a) (incorporating Chapter Two guidelines for organizational defendants convicted of offenses covered by USSG §8C2.1, including theft of government benefits), USSG §3E1.1 (three-level decrease for acceptance of responsibility), and a two-level decrease pursuant to paragraph 12, *infra*.

The "base fine" is $200,000 pursuant to USSG §8C2.4(a)(1) and USSG §8C2.4(d)(15).

9.   **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 5
November 27, 2023

offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.    **Waiver of Discovery**: As a material term of this offer and agreement, defendant expressly accepts the USAO's offer to make available the evidence gathered in this investigation of this matter for on-site inspection and the USAO's production of limited discovery as of the date of this agreement in full satisfaction of the government's discovery obligations in this case. Defendant knowingly, intelligently, and voluntarily waives defendant's rights to further production of evidence or information from the government, even though defendant may be entitled to such production pursuant to the Federal Rules of Criminal Procedure, the discovery order of the court, and other application authorities.

11.    **Joint Sentencing Recommendation**: In light of defendant's waiver of indictment, substantive motions, and full discovery, defendant's agreement to and payment of the recommended fine and full restitution before the sentencing hearing in this case, and defendant's compliance with all other terms of the agreement, the parties will jointly recommend a fine of $200,000.

12.    Variance or Adjustment for Certain "Zero-Point" Offenders:

    i.    If defendant is sentenced prior to November 1, 2023, and defendant does not have any criminal history points and otherwise meets all of the criteria in the proposed amendments at USSG § 4C1.1 "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward variance pursuant to 18 U.S.C. § 3553(a).

    ii.    If defendant is sentenced on November 1, 2023, or later, there will be no additional variance recommended by the parties pursuant to this paragraph of the plea agreement. If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1, if adopted.

13.    **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the applicable sentencing guidelines provisions.

14.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 6
November 27, 2023

arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.   **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16.   **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.   **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

    If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.   **Restitution**: Defendant agrees to pay restitution to the Small Business Administration in the amount of $759,100. *as Per Restitution Schedule* Payment of the amount of restitution in this case shall also constitute a payment of the same amount against any amount of restitution separately identified in the settlement agreement with the United States related to civil claims arising from the same set of facts identified above in this case.

### Stipulations if Any Restitution Obligation Remains After Sentencing
Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 7
November 27, 2023

agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

1)   Transfer of Assets
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

2)   Restitution
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Information dealing with such losses will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. §

Janet Lee Hoffman
Justin Rusk
Re: Amigos Mexican Cuisine & Cantina LLC Plea Agreement Letter
Page 8
November 27, 2023

3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

19.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  The parties expressly acknowledge and fully understand that money paid in restitution to the SBA either in this case or as part of any separate settlement agreement with the United States shall constitute similar payment of restitution.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.    **Deadline**:  This plea offer expires if not accepted by _____ at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*Meredith D.M. Bateman*
MEREDITH D.M. BATEMAN
JOHN C. BRASSELL
Assistant United States Attorneys

Janet Lee Hoffman
Justin Rusk
Page 9
November 27, 2023

_____

     I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2 | 2o | 24
_____
Date
LLC

_____
Amigos Mexican Cuisine & Cantina

Vinod Mehta, Owner and
Manager of Amigos Mexican
Cuisine & Cantina LLC

     I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/20/24
_____
Date

_____
Attorney for Defendant